**Elaine Janice KEENAN f/k/a Elaine Janice Monholland, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security Administration, Defendant.**

No. CIV–01–835–T.

United States District Court, W.D. Oklahoma.

Feb. 28, 2003.

James D. Harris, Gonshor & Harris, Oklahoma City, OK, for Plaintiff.

Tom Majors, US Attorney's Office–OKC, Oklahoma City, OK, Virginia Watson, Social Security Administration–DALLAS, Office of General Counsel, Dallas, TX, for Defendant.

## ORDER

RALPH G. THOMPSON, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for review of the decision of the Commissioner of Social Security Administration denying plaintiff's application for disability benefits. The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). The defendant Commissioner filed a motion for entry of judgment reversing and remanding the initial decision for further administrative proceedings. Because plaintiff objected to that motion, the court directed that each party file supplemental briefs. They did so and, on January 13, 2003, the magistrate judge filed a Report and Recommendation in which he recommended that the motion to remand be granted and that the matter be remanded to the Commissioner for further administrative proceedings. Because plaintiff timely objected, the matter is reviewed *de novo*.

In the Report and Recommendation, the magistrate judge concluded that the evidentiary record requires supplementation, as requested by the Commissioner. Plaintiff does not disagree. In fact, plaintiff's objection to the recommendation is narrow. She objects only to his determination that the deleted Social Security Listing § 9.09, pertaining to obesity, should not apply to her claim. Plaintiff contends that the deletion of the listing, effective October 25, 1999, should not be retroactively applied to her claim. Therefore, she argues, the Commissioner should be ordered on remand to apply Listing 9.09 to her disability claim. Alternatively, she contends that the matter should be reversed and remanded with directions to the Commissioner to award her benefits.

These arguments were asserted by plaintiff in her objection to the Commissioner's motion to remand and each was thoroughly considered by the magistrate judge. The Report and Recommendation discusses in detail the issue of retroactive application of the order deleting Listing 9.09, and it includes a detailed discussion of the case law offered by plaintiff in support of her argument that the Social Security Administration lacks authority to determine, as it did in the case of Listing 9.09, that the deletion of a listing should have retroactive effect[1].

---

1. *As discussed in the Report and Recommendation, Listing 9.09 pertaining to obesity was* *deleted from the Listings on October 25, 1999. Subsequently, the Social Security Administra-*

The magistrate judge discussed in detail the case decisions on which plaintiff relies in support of her argument. That discussion need not be repeated in this order; however, the court has reviewed same and agrees with the magistrate judge's conclusion that the decisions cited by plaintiff do not compel a finding that the Social Security Administration lacks authority to determine that its rulings have retroactive effect.

The remaining issues raised by plaintiff's objection relate to her contention that the court should, upon remand, direct the Commissioner to award her benefits. Having reviewed the file and the parties' arguments, the court concludes that the magistrate judge was correct in his determination that such disposition is not appropriate. The court finds that this is not a case in which plaintiff's entitlement to benefits is clear or in which there has been an extraordinary delay due to agency error.

In summary, the court has reviewed the record and the objection of plaintiff to the Report and Recommendation. Having done so, the court concludes that the recommendation of the magistrate judge should be adopted in all respects. Accordingly, this action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in accordance with the Commissioner's motion to remand.

## REPORT AND RECOMMENDATION

ARGO, United States Magistrate Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income benefits. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is the Commissioner's Motion for Entry of Judgment Reversing and Remanding for Further Administrative Proceedings. Plaintiff has responded, and supplemental briefs have also been filed by both parties. Thus, the matter is at issue. For the reasons stated herein, it is recommended that the motion to remand be granted and that this matter be remanded to the Commissioner for further administrative proceedings consistent with this Report and Recommendation.

## I. Procedural History

Plaintiff filed her application for supplemental security income benefits on October 6, 1997, alleging that she became disabled on February 15, 1995 due to a deteriorating disk in her lower back, severe arthritis in both hips, and a pinched nerve. Tr. 42–43, 47–52. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 25, 26, 27–29, 31–33. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on May 18, 1999. Tr. 34–36, 215–66. Plaintiff appeared in person and with her attorney, and offered testimony in support of her application. Tr. 219–66. The administrative law judge issued his decision on August 27, 1999, finding that Plaintiff was not disabled within the

---

tion issued its ruling No. S.S.R. 00–3p on May 25, 200 0; the ruling expressly provided that the revised listing would apply retroactively to all claims pending at the agency level or in the courts at that time. On September 12, 2002. Social Security Ruling No. S.S.R. 02–01p was issued; it supersedes the prior ruling but also provides that the revised listing would apply retroactively. Because plaintiff's claim was pending at the time the listing was revised, her claim is governed by the revised listing.

meaning of the Social Security Act and thus she was not entitled to supplemental security income benefits. Tr. 7–23. The Appeals Council denied Plaintiff's request for review on April 6, 2001, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 4–5.

## II. Commissioner's Motion to Remand

The Commissioner seeks remand so that the administrative law judge can:

1. Update the record with reports from the claimant's attending physicians and other health care providers, including clinical progress and treatment notes and the records of any periods of hospitalization which may have occurred. Each treating source will be asked to furnish a medical source statement about the claimant's mental or physical, as appropriate, ability to perform routine work-related activities.

2. Make a new residual functional capacity determination, based on all the evidence, including the undated reports. The new residual functional capacity determination will be prepared based on a longitudinal evaluation of the claimant's medical status and reflecting any changes which have occurred during the period in issue. The [administrative law judge] will consider any additional and cumulative effects that may be caused by Plaintiff's obesity. The findings and conclusions of all treating, examining, and State Agency reviewing sources (including their observations about the claimant's ability to perform routine work-related activities) will be considered in light of 20 C.F.R. § 416.927 as well as Social Security Rulings (SSRs) 96–2p, 96–5p and 96–6p when determining Plaintiff's residual functional capacity (see SSR 96–8p). The weight given to the medical reports of record and the basis thereof will be explained in the new Hearing Decision in accord with the procedures outlined in the regulations and the Rulings.

3. Hold a supplemental hearing. Testimony of a Vocational Expert will be obtained based on hypothetical questions which accurately reflect all of the claimant's credible functional limitations and will focus on the kinds of work, if any, including the claimant's past relevant work which she still can perform in view of age, education, and past relevant work. The claimant and any witnesses may offer undated [sic] testimony at the supplemental hearing.

4. Re-evaluate the credibility of the claimant's subjective complaints in light of the updated record as well as all the factors in SSRs 969–4p [sic] and 96–7p and 20 C.F.R. § 416.929. The [administrative law judge] should consider among other things, the fact that the claimant has taken prescription medications, has received epidural steroid injections, and has undergone physical therapy in order to alleviate her symptoms.

5. Finally, in addition to the above, the Appeals Council and the Administrative Law Judge will take such action as may be necessary to complete the administrative record before issuing a new Hearing Decision covering the entire period under consideration. In that Hearing Decision, the claimant's post-onset work activity will be evaluated in a manner consistent with the criteria for determining substantial gainful activity in 20 C.F.R. § 416.971. The [administrative law judge] also will obtain a detailed explanation from the claimant concerning the mental and physical characteristics of her work activities which also will be considered when determining whether the claimant can still perform her past relevant work or other work which

exists in significant numbers in the national economy.

Commissioner's Motion, p. 1–2.

Plaintiff opposes remand on the terms sought by the Commissioner. Her objection centers upon changes in how obesity is handled in the Listing of Impairments, 20 C.F.R. Part 404, Appendix 1, Subpart P, Regulation No. 4.[1] Plaintiff argues that Listing 9.09, deleted effective October 25, 1999, should apply to her claim because the claim was pending on that date. She also claims that a remand for further development of the record would serve no useful purpose as she "met the criteria of now-deleted § 9.09 of the Listing of Impairments at the time of the hearing decision." Plaintiff's Response, p. 1. In the alternative, Plaintiff requests that any order remanding the case instruct the Commissioner to apply the criteria of Listing 9.09.

In reply, the Commissioner argues that the final rules deleting Listing 9.09 apply to Plaintiff's claim because Social Security Ruling (S.S.R.) 00–3p provides that the final rules are applicable to all claims filed before October 25, 1999, which were pending appeal at either the administrative or judicial level.[2] Commissioner's Supplemental Brief, p. 2–6. For the same reason, the Commissioner claims that if the case is remanded it would be improper to instruct the agency to apply now-deleted Listing 9.09. Commissioner's Supplemental Brief, p. 6–7. Finally, the Commissioner claims that even if the Court were to find Listing 9.09 applicable to Plaintiff's

claim, the evidence does not show that she met the requirements for that listing.

### III. Analysis

As noted, obesity had a separate listing until 1999, when Listing 9.09 was deleted from the Listing of Impairments. See Revised Medical Criteria for Determination of Disability, Endocrine System and Related Criteria, 64 F.R. 46122–01, 1999 WL 637689 (Aug. 24, 1999). In its summary of the change, the agency explained:

> [W]e have determined that the criteria in listing 9.09 were not appropriate indicators of listing-level severity because they did not represent a degree of functional limitation that would prevent an individual from engaging in any gainful activity. However, in response to public comments, we are adding guidance about evaluating claims for benefits involving obesity to the prefaces of the musculoskeletal, respiratory, and cardiovascular system listings.

Id. The revised criteria were effective on October 25, 1999. Id. With regard to applicability of the revised criteria, the regulation states: "These final rules have only a prospective effect. Unless otherwise required to do so (for example, by statute), we do not readjudicate previously decided cases when we revise our listings." Id. at 46127. The regulation also states that the revised medical criteria do not apply to a continuing disability review of an allowance which was based upon Listing 9.09. Id.

On May 15, 2000, the Social Security Administration issued a ruling to provide

---

1. Obesity had a separate listing until October 25, 1999, when Listing 9.09 was deleted from the Listing of Impairments. See Revised Medical Criteria for Determination of Disability, Endocrine System and Related Criteria, 64 F.R. 46122–01, 1999 WL 637689 (Aug. 24, 1999).

2. Social Security Ruling 00–3p, 65 F.R. 31039 (May 15, 2000), was superseded by Social Security Ruling 02–01p, 2000 WL 628049 at *1 (Sept. 12, 2002). However, the new ruling reiterates the Commissioner's position as stated in S.S.R. 00–3p that the final rule deleting Listing 9.09 applies to pending cases.

further guidance on how the revised criteria were to be applied. S.S.R. 00–03p. In that ruling, the Social Security Administration clarified that the final rules deleting Listing 9.09 were to apply to all claims pending on the effective date of the rule—whether in the administrative review process or on appeal to the courts. *Id.* S.S.R. 00–3p was recently superseded by S.S.R. 02–01p, but the new ruling reiterates that the "final rules deleting listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to court."

### A. The Nature of Plaintiff's Objection

Plaintiff freely acknowledges the intent of the Social Security Administration to apply the revised criteria to all pending claims; she instead contends that the agency lacks the authority to do so. Plaintiff first contends that, in general, "the

agency has no power to give retroactive application to any change in substantive rules, without regard to whether or not the change in rules is accompanied by an expressed intention for retroactive application." Plaintiff's Response, p. 4. (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)). In support of her specific argument that the now-deleted Listing 9.09 must be applied to her case, she relies upon three court decisions: an unpublished Tenth Circuit decision, a decision from the United States District Court for the District of Kansas, and a decision from the United States District Court for the Northern District of California. *Nash v. Apfel*, No. 99–7109, 2000 WL 710491 (10th Cir. June 1, 2000); *Rudolph v. Apfel*, No. 00–4093–DES, 2000 WL 1916317 (D.Kan. Dec.29, 2000); *Kokal v. Massanari*, 163 F.Supp.2d 1122, 1133 (N.D.Cal.2001). After review of these decisions, and several others which have addressed the issue,[3] the undersigned finds that the revised criteria should govern Plaintiff's claim.

---

3. *Ingram v. Barnhart,* 303 F.3d 890, 894 (8th Cir.2002) (court awarded benefits under Listing 9.09 for equitable reasons where plaintiff had prevailed on previous judicial appeal in 1997, and administrative process had been "inexcusably slow."); *Campbell v. Barnhart,* 178 F.Supp.2d 123, 133 (D.Conn.2001) (remanded without deciding because of possibility that plaintiff could either meet revised medical criteria or not meet Listing 9.09); *Portlock v. Barnhart,* 208 F.Supp.2d 451, 461 (D.Del.2002) (finding application of revised criteria to have retroactive effect because it "attaches new legal consequences to events completed") *Allen v. Apfel,* No. Civ.A. 00–0705, 2001 WL 253120 at *14 (E.D.La. Mar.14, 2001) (applying revised criteria because "award in this case cannot be made on the basis of a Listing which no longer exists"); *Hendricks v. Apfel,* Civ.A. 99–1212, 2000 WL 174884 at *6 (E.D.La. Feb.14, 2000) (in a decision issued before S.S.R. 00–3p, court applied old Listing because Appeals Council's decision pre-dated effective date of revised medical criteria); *Havens v. Massanari,* No.

99–1008–MLB, 2001 WL 721661 at *1 n. 3 (D.Kan. May 9, 2001) (applying revised medical criteria, citing S.S.R. 00–3p); *Parent v. Halter,* 153 F.Supp.2d 1090, 1092–93 (W.D.Mo.2001) (applying new criteria, noting deference to be given to S.S.R. 00–3p); *Fulbright v. Apfel,* 114 F.Supp.2d 465, 475–76 (W.D.N.C.2000) (applying revised medical criteria, citing *Landgraf* and S.S.R. 00–3p); *Cornett v. Massanari,* No. CV–00–1412–ST, 2001 WL 34043762 at *6 (D.Or. June 22, 2001) (applying revised medical criteria, citing S.S.R. 00–3p and fact that plaintiff's claim was pending before Appeals Council when revised criteria took effect); *Glenn v. Massanari,* No. Civ. A. 00–4184, 2001 WL 1003075 at * 2 n. 2 (E.D.Pa. Aug.27, 2001) (applying new criteria, citing S.S.R. 00–3p); *Wooten v. Apfel,* 108 F.Supp.2d 921, 924 (E.D.Tenn. 2000) (although administrative law judge failed to consider Listing 9.09, such was not error because Listing 9.09 was subsequently deleted), *appeal dismissed* 23 Fed.Appx. 419, 2001 WL 1450733 (6th Cir.2001).

## B. The Decisions in *Nash* and *Rudolph*

First, Plaintiff cites the Tenth Circuit's unpublished decision in *Nash v. Apfel*, No. 99–7109, 2000 WL 710491 (10th Cir. June 1, 2000), in which the Court refused to apply the revised medical criteria to "a claimant who was erroneously denied benefits under [the] earlier listing." However, that decision was decided without reference to Social Security Ruling 00–3p— issued only two weeks before the decision in *Nash*—which clarified the Commissioner's intent to apply the revised criteria to pending claims. In fact, the Tenth Circuit's decision in *Nash* specifically rested upon the absence of "a more specific statement of intent." *Id.* at *2 ("we decline to give deference to an *agency counsel's* interpretation of a statute where the *agency itself* had articulated no position on the question") *Id.*, n. 2 (emphasis added). Had the Tenth Circuit had the benefit of S.S.R. 00–3p, it seems likely that it would have found it entitled to deference as one of the "Social Security Administration interpretations of its own regulations and the statute which it administers." *Walker v. Secretary of Health & Human Servs.*, 943 F.2d 1257, 1259–60 (10th Cir.1991).

The same holds true for the second case cited by Plaintiff. In *Rudolph v. Apfel*, No. 00–4093–DES, 2000 WL 1916317 (D.Kan. Dec.29, 2000), the court also applied Listing 9.09, noting the Commissioner's failure to demonstrate that the agency "had a specific intent to apply the 1999 deletion retroactively." *Id.* at *7 (citing *Nash*). In fact, in a later decision from the United States District Court for Kansas which cited S.S.R. 00–3p, the Court adopted Magistrate Judge John Thomas Reid's recommendation that the revised medical criteria be applied to a pending case. *Havens v. Massanari*, No. 99–1008–MLB, 2001 WL 721661 at *1 n. 3 (May 9, 2001) ("Judge Reid acknowledged this holding appeared contrary to an unpublished opinion from the Tenth Circuit and the District of Kansas [but] distinguished these cases . . . pointing out neither considered Ruling SSR 00–3p."). Because they were decided on the basis that the Commissioner's intent was unclear, neither *Nash* nor *Rudolph* assist Plaintiff's argument that the Commissioner lacks the authority to apply the revised criteria to pending claims.

## C. The *Kokal* Decision

The third case relied upon by Plaintiff, *Kokal v. Massanari*, 163 F.Supp.2d 1122, 1133 (N.D.Cal.2001), directly addresses whether the Commissioner may lawfully apply the revised medical criteria to pending cases. Although the *Kokal* court found that the Commissioner could not apply the revised criteria to pending cases without engaging in impermissible retroactive rulemaking, the undersigned does not find its analysis persuasive.

In reaching its decision, the *Kokal* court applied the analysis used by the United States Supreme Court in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).[4] According to the

---

**4.** The issue before the Supreme Court was whether certain amendments to Title VII applied to pending cases. *Id.* at 249–50, 114 S.Ct. 1483. The Civil Rights Act of 1991 amended Title VII to provide for compensatory and punitive damages for certain violations of Title VII of the Civil Rights Act of 1964, and for a jury trial if a plaintiff seeks such damages. *See* Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1072. After a bench trial, the plaintiff in *Landgraf* was found not to have been constructively discharged and thus not entitled to equitable relief—the only relief then available for violations of Title VII. *Landgraf*, 511 U.S. at 248–49, 114 S.Ct. 1483. While her case was on appeal, the Civil Rights Act of 1991 was passed. *Id.* at 249, 114 S.Ct. 1483. The

court in *Kokal,* the Supreme Court "set forth the following framework to analyze retroactivity: (1) whether the statute on its face provides for prospective or retroactive application; (2) in the absence of such an express provision governing the statute's reach, whether the statute would have retroactive effect; and (3) if the statute would have retroactive effect, whether Congress clearly intended such a retroactive effect, overcoming the presumption of prospectivity." *Kokal,* 163 F.Supp.2d at 1130 (citing *Landgraf,* 511 U.S. at 280, 114 S.Ct. 1483). The *Kokal* court acknowledged that the test in *Landgraf* was used to address the retroactive application of a statute, but claimed that courts have applied its reasoning to cases involving regulations. *Id.*

**1. Whether the regulation on its face provides for prospective or retrospective application.**

In its application of the first factor, the *Kokal* court found that "the regulation is silent on its face as to whether the changes . . . deleting Listing 9.09 apply retroactively or prospectively." *Id.* at 1130. However, as noted above, the regulation clearly states that "[t]hese final rules have only a prospective effect." Revised Medical Criteria for Determination of Disability, Endocrine System and Related Criteria, 64 F.R. 46122–01, 46127, 1999 WL 637689 (Aug. 24, 1999). The regulation explains the prospective effect by stating that previously decided cases would not be readjudicated, and that the revised medical criteria would not be applied to continuing disability reviews. *Id.* at 46127. In light of these statements, it is difficult to see how the *Kokal* court found the regulation "silent" on the issue of retroactivity. The regulation clearly limits the applicability of

Supreme Court held that the amendments did not apply to pending cases. *Id.* at 293, 114

the new rule to pending cases, and, moreover, expresses the agency's opinion that such an application is prospective in effect.

**2. Does the regulation have retroactive effect.**

In applying the second factor, the court in *Kokal* found the application of the revised medical criteria to pending cases to have "a retroactive effect on a *substantive right* of the plaintiff." *Id.* at 1130–31 (emphasis added). However, the court's analysis on this point is questionable. Most troubling is its conclusion that application of the revised medical criteria to cases pending on appeal changes the "rules of entitlement." *Id.* at 1131. In reaching that conclusion, the court distinguished *United States R.R. Retirement Bd. v. Fritz,* 449 U.S. 166, 174, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980), in which the Supreme Court stated that "railway benefits, like social security benefits, are not contractual and may be altered or even eliminated at any time." The *Kokal* court found this statement irrelevant because *Fritz* was concerned with "whether *Congress* can cut the benefit *levels* of various welfare programs consistent with due process, not whether an *agency* can change the rules of *entitlement while a case is pending on appeal*". *Kokal,* 163 F.Supp.2d at 1131. The court fails to explain how this distinction makes a difference when determining if the "substantive right" of a social security claimant is implicated when revised medical criteria are applied to a pending case.

The *Kokal* court also distinguished a case from the Third Circuit in which the nature of a social security claimant's rights was described as follows: "if a *recipient's* right to future benefits may be terminated

S.Ct. 1483.

by a statute, it follows that an *applicant* who has *never been declared eligible* may as well be deprived of an inchoate right." *Torres v. Chater*, 125 F.3d 166, 170 (3rd Cir.1997) (emphasis added) (cited with approval in *Grigsby v. Barnhart*, 294 F.3d 1215, 1219 (10th Cir.2002)). The court distinguished *Torres* stating that the issue there was not retroactivity, but was instead selection of "the appropriate retroactive date." *Kokal*, 163 F.Supp.2d at 1131. Second, it noted that despite the Third Circuit's observation that such rights were "inchoate," the *Torres* decision relied "more fundamentally" on the clarity of Congressional intent to apply the amendments retroactively. *Id.* Once again, the undersigned fails to see how this distinction makes a difference in determining whether a social security claimant has a "substantive right" to benefits while the claim is undergoing administrative or judicial review.

Even the case relied upon so heavily by the court in *Kokal* noted that it is not always easy to determine whether a provision operates retroactively. *Landgraf*, 511 U.S. at 268, 114 S.Ct. 1483. "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law." *Id.* at 269–70, 114 S.Ct. 1483 (citations omitted). The Court added that "retroactivity is a matter on which judges tend to have 'sound … instinct[s]'" and that "familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." *Id.* at 270, 114 S.Ct. 1483. Later in the *Landgraf* opinion, the Court stated that in determining whether a provision has retroactive effect, one should ask "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280, 114 S.Ct. 1483.

Thus, *Landgraf* speaks in terms of "acts," "conduct," and "transactions." First, to the extent filing a claim for supplemental security income can even be considered an "act" as that term is used in *Landgraf*, the lack of any right to benefits—as indicated by *Fritz* and *Torres*—makes it clear that revised medical criteria can be applied to pending cases without "impair[ing] rights a party possessed when he acted." Second, the application of revised medical criteria to a pending claim does not "increase a party's liability for past conduct." Finally, modification of the listings does not apply new duties to a "transaction" already completed. A claimant becoming disabled is neither conduct nor a transaction, and with no substantive right to benefits, application of revised criteria to a pending claim is not retroactive under the *Landgraf* analysis.

### 3. If there is retroactive effect, was that effect intended.

Undeterred, the *Kokal* court nonetheless moved on to the third factor: whether Congress intended the agency to have the power to promulgate retroactive rules. *Id.* at 1133–34. On this point, the *Kokal* court finds the answer to be "no," stating that the United States Supreme Court itself has concluded that Congress has not granted the agency such authority. *Id.* However, in the case cited by *Kokal*, the Supreme Court was considering authorization to promulgate retroactive cost-limit rules under the Medicare Act. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988).

In *Bowen*, the agency had issued a regulation that retroactively changed the formula for computing the amount of reimbursement payable to health care providers. It then "proceeded to recoup the sums previously paid …." *Id.* at 205–06, 109 S.Ct. 468. In determining whether such an action was permissible, the Court

looked to the specific authority given by Congress to the agency to promulgate cost-reimbursement regulations. *Id.* at 213–14, 109 S.Ct. 468. That specific authority limited retroactive regulations to those making "suitable retroactive corrective adjustments where, for a provider of services for any fiscal period, the aggregate reimbursement produced by the methods of determining costs proves to be either inadequate or excessive." *Id.* at 209, 109 S.Ct. 468 (quoting 42 U.S.C. § 1395x(v)(1)(A)). The Court found that the agency's general rulemaking authority was not enough to save the regulation in *Bowen,* since § 1395x specifically set forth the scope of the agency's authority to issue retroactive cost-reimbursement regulations. *Bowen,* 488 U.S. at 213–14, 109 S.Ct. 468.

Thus, *Bowen* does not support the *Kokal* court's conclusion that the Commissioner does "not have *any* statutory grant of authority to engage in retroactive rulemaking." *Kokal,* 163 F.Supp.2d at 1134 (emphasis added). The *Kokal* court itself appears to hedge this sweeping statement: "the lack of an express grant of authority to engage in retroactive rulemaking precludes the agency from doing so, *at least absent a substantial justification not presented here.*" *Id.*

### IV.  Social Security Ruling 02–01p

As noted above, there are two subsequent agency rulings which have clearly indicated that the revised medical criteria are to apply to claims pending at either the administrative or judicial level. S.S.R. 00–3p, 65 F.R. 31039 (May 15, 2000), *superseded by* S.S.R. 02–01p, 2000 WL 628049 at *1 (Sept. 12, 2002). An agency's interpretation of its own regulation should be given controlling weight unless "it is plainly erroneous or inconsistent with the regulation." *Martin v. Occupational Safety & Health Rev. Comm'n,* 499 U.S. 144, 150–51, 111 S.Ct. 1171, 113 L.Ed.2d 117

(1991); *accord United States v. Cleveland Indians Baseball Co.,* 532 U.S. 200, 121 S.Ct. 1433, 1445, 149 L.Ed.2d 401 (2001) (reasonable interpretation of agency's own regulation warrants substantial judicial deference). The undersigned finds the Commissioner's interpretation, as reflected in S.S.R. 00–3p and S.S.R. 02–01p, to be both reasonable and consistent with the applicable regulations.

In reaching this conclusion, the undersigned first considered the role played by the Listings in disability determinations. To be entitled to supplemental security income benefits under the Social Security Act, a person must suffer from a medically determinable physical or mental impairment of such severity that he cannot perform his former work or any other substantial gainful work. 42 U.S.C. § 1382c(a)(3)(A) and (B). The Commissioner has been given extremely broad statutory authority to implement the supplemental security income program:

> The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

42 U.S.C. 405(a) (made applicable to supplemental security income program by 42 U.S.C. 1383(d)(1)). Pursuant to this authority, the agency has promulgated regulations creating a five-step test to determine whether a claimant is disabled. 20 C.F.R. § 416.920. One of those steps involves comparison of the medical evidence regarding the claimant's impairment to a

listing of impairments *presumed by the agency* to be severe enough to preclude any gainful employment. *Id.* at § 416.920(d); 20 C.F.R. pt. 404, subpt. P, App. 1.

The United States Supreme Court has described the use of the listings as follows:

> The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just "substantial gainful activity." The reason for this difference between the listings' level of severity and the statutory standard is that, for adults, the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.
>
> .    .    .    .    .
>
> [The] shortcomings of the listings are remedied at the final, vocational steps of the [Commissioner's] test. A claimant who does not qualify for benefits under the listings ... still has the opportunity to show that his impairment in fact prevents him from working.

*Sullivan v. Zebley*, 493 U.S. 521, 532, 534–35, 110 S.Ct. 885, 107 L.Ed.2d 967.[5] When the Listings are viewed in this manner, it seems obvious that the "full power and authority" to regulate and provide for the "nature and extent of the proofs and evidence" would encompass a modification of the Listings. The Listings are not the only means whereby disability is established, but are merely an agency-created device used to streamline the determination process in certain cases.

In the context of case in which the Supreme Court upheld the agency's use of a similar device—the medical-vocational guidelines—the Court noted: "Congress has 'conferred on the [Commissioner] exceptionally broad authority to prescribe standards for applying certain sections of the [Social Security] Act.'" *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). The Court continued: "Where, as here, the statute expressly entrusts the [Commissioner] with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulations promulgated exceeded the [Commissioner's] statutory authority and whether they are arbitrary and capricious." *Id.*

■ The undersigned finds that the final rule deleting Listing 9.09, and adopting the revised medical criteria, was intended by the agency to apply to pending cases—and reasonably so. The agency correctly characterized this application as prospective in effect because: (1) a social security claimant has no substantive right to benefits; and (2) a modification in the Listings does not preclude a finding of disability. The traditional tests used to determine whether a statute (or regulation) has retroactive effect are difficult to apply to a regulation such as the Listing of Impairments. For example, it is absurd to assume that a claimant would become disabled in reliance upon the hope that social security benefits would be awarded for that disability, even more so to assume she would do so in reliance upon an agency-created device such as the Listings. Finally, the broad authority given by Congress to the Commissioner to promulgate rules and regulations surely encompasses modification of presumptions or other devices developed to assist the agency in making disability determinations, particularly where that presumption is no longer

---

**5.** In *Zebley,* the Court found the Listings to be inconsistent with the statutory standard applicable to child-disability claims. *Id.* at 536–37, 110 S.Ct. 885.

found to be a reliable indicator of disability.

### V. Remand Under Sentence Four

■ As the Commissioner's motion concedes by implication, and the undersigned's review of the record confirms, there are substantive errors which require reversal and remand of this case. The decision of the administrative law judge fails to clearly identify the weight given to the various medical opinions, and fails to specifically relate any particular medical finding to his assessment of Plaintiff's residual functional capacity. There is also insufficient evidence to support the administrative law judge's findings regarding the demands of Plaintiff's past work, and it appears that vocational expert testimony is needed to determine the type of work, if any, Plaintiff can still perform—particularly in light of her significant nonexertional limitations. Finally, although the administrative law judge mentions the factors which must be considered in evaluating subjective complaints, he makes no specific findings with regard to those factors in concluding that Plaintiff's statements "are not entirely credible." Thus, a sentence four remand is appropriate.

■ This Court has the power to remand the case to the Commissioner and to direct an immediate award of benefits as Plaintiff urges. However, the undersigned finds that such disposition would not be appropriate in this case. First, it would be inappropriate for the Court to usurp the role of the fact-finder and determine whether Plaintiff should be awarded benefits under the revised medical criteria. Second, such disposition is reserved for cases where it is clear that a claimant is entitled to benefits and there has been a long delay due to several administrative proceedings and the erroneous disposition of those proceedings. *Ragland v. Shalala,*

992 F.2d 1056, 1060 (10th Cir.1993). This is not such a case.

### RECOMMENDATION

For the reasons stated above, it is recommended that the Commissioner's motion to remand [Doc. No. 27] be granted and this matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in accordance with the motion to remand and this Report and Recommendation.

The parties are advised of their right to object to this Report and Recommendation by February, 3rd, 2003, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1 by filing any objections with the Clerk of the District Court. The parties are further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir.1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in the captioned matter.