**UNITED STATES of America (VA), Plaintiff,**

**v.**

**Abbas BEKHRAD, Defendant.**

**Civ. No. 87–210–A.**

United States District Court, S.D. Iowa, C.D.

Nov. 13, 1987.

Christopher D. Hagen, U.S. Atty., Des Moines, Iowa, for plaintiff.

Keith E. Uhl, Des Moines, Iowa, for defendant.

### ORDER

WOLLE, District Judge.

Plaintiff asserts in its complaint a claim against the defendant for civil penalties under the False Claims Act, 31 U.S.C. section 3729. In various resisted motions defendant urges that the requested relief—triple damages plus $10,000 in civil penalties—is not authorized by the statute applicable here. Additionally, he attacks some language in the complaint as impertinent and other language as vague.

### I. THE APPLICABILITY OF THE 1986 AMENDMENT.

Penalties allowed under the False Claims Act were increased from $2,000 and double damages to $10,000 and triple damages in a 1986 amendment. Act of October 27, 1986, Pub.L. 99–562, U.S.Code Cong. & Admin. News (100 Stat.) 3153 (codified in 31 U.S.C.

§ 3729). Defendant challenges the complaint's retrospective application of those penalties to the pre-amendment acts alleged here.

 Whether a statute is to be given retroactive or only prospective effect is a question of statutory construction. *See United States v. Kimberlin*, 776 F.2d 1344, 1347 (7th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986); *Sea–Land Service, Inc. v. I.C.C.*, 738 F.2d 1311, 1314 (D.C.Cir.1984). Statutes are presumed to be prospective in their operation unless expressly made retrospective. *Griffon v. United States Dep't. of Health and Human Servs.*, 802 F.2d 146, 152 (5th Cir.1986); *Jackson v. People's Republic of China*, 794 F.2d 1490, 1497 (11th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1987); *United States v. Kairys*, 782 F.2d 1374, 1381 (7th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986); *see also* 2 N. Singer, *Sutherland Statutory Construction* (Sutherland) § 41.04, at 348 (Sands 4th ed. 1986) (courts observe a strict rule of construction against retroapplicability). Although nothing in the 1986 amendment to the False Claims Act indicates an intent that it be applied retroactively, plaintiff contends that the amendment is remedial in nature and therefore excepted from the general presumption against the retroapplication of statutes. *See United States v. Vanella*, 619 F.2d 384, 386 (5th Cir.1980) (statutory changes that are procedural or remedial in nature apply retroactively).

 Granted, the False Claims Act is characterized in part as a remedial statute. *See United States v. Halper*, 660 F.Supp. 531, 533 (S.D.N.Y.1987) (purpose of statute is to ensure that the government is fully compensated). This amendment, as well, is remedial rather than penal in nature. *See* S.Rep. No. 99–345, 99th Cong., 2nd Sess. 6, *reprinted in* 1986 U.S.Code Cong. & Admin.News 5266 (amendment's purpose to enhance government's ability to recover losses sustained as a result of fraud against government); *see generally* 3 *Sutherland* § 60.03, at 66 (outlining distinction between remedial and penal statutes). Nevertheless, the Court in *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 542, 63 S.Ct. 379, 383, 87 L.Ed. 443, 448 (1943), maintained that the civil Fraud Claims Act should be strictly construed because it incorporates by reference a criminal statute. When a statute imposes penalties recoverable in civil cases, courts commonly subject it to strict construction. 3 *Sutherland* § 60.04, at 69. Such a construction is appropriate here, for a retrospective application would not simply create a procedural remedy—it would create a new liability in connection with a past transaction.

Moreover, language contained in the Senate Report discussing the amendment suggests that it was intended to be applied only prospectively. The director of the congressional budget office in a letter to the chairman of the judiciary committee discussed budgetary ramifications of the proposed amendment:

> collections of penalties and damages under the False Claims Act currently average about $40 million each year, although this amount fluctuates widely. The imposition of treble damages could potentially increase this amount by 50 percent. The increase might be lower, however, due to the possible reluctance of courts to impose more severe penalties.... *Because the provisions of the bill would apply only to claims made subsequent to enactment, no revenues would be realized until 1989 or 1990.*

S.Rep. No. 99–345, 99th Cong., 2nd Sess. 6, *reprinted in* 1986 U.S.Code & Admin.News 5266, 5302 (emphasis added).

Defendant's argument has merit; the 1986 amendment strictly construed is not a retrospective amendment and does not apply here. Plaintiff shall therefore amend its complaint to assert a claim under the governing statute.

## II. ADDITIONAL MATTERS.

Defendant cites particular paragraphs of the complaint, contending that matters contained within them are immaterial, impertinent, or scandalous. He urges that those

paragraphs should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

 "The standard that must be met in order to strike material pursuant to 12(f) is a stringent one." *Mikropul Corp. v. Desimone & Chaplin–Airtech, Inc.,* 599 F.Supp. 940, 945 (S.D.N.Y.1984). Such motions are granted only if it is clear that the material alleged to be objectionable can have no possible bearing upon the subject matter of the litigation. *See* 2A J. Moore, *Moore's Federal Practice* § 12.21(2), at 12–176 (1987); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1382, at 809 (1969 & Supp.). Here, the challenged paragraphs state that defendant, while a Veteran's Administration (VA) hospital employee, performed outside professional activities prior to receiving VA approval and intentionally underreported his outside activity income. Those allegations aid in giving a fuller understanding of the false claims complaint and are not clearly immaterial. To the extent defendant seeks to strike the allegations on those grounds, his motion is denied.

Defendant further urges that plaintiff "should be required to plead how the alleged false statements can give rise to an alleged false claim." Plaintiff has, however, satisfied the liberal pleading rules set forth in Federal Rule of Civil Procedure 8(a). Interrogatories or other discovery devices are mechanisms better suited for the sort of detail sought here. *See Palm Springs Medical Clinic, Inc. v. Desert Hospital,* 628 F.Supp. 454, 464 (C.D.Cal. 1986); 2A J. Moore, *Moore's Federal Practice* § 12.18(1), at 12–143 (1987) (motion for more definite statement "is not a substitute for discovery"); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1375, at 725 (1969 & Supp.) ("(T)he primary burden of information exchange and issue delineation is to be borne by the discovery process and pretrial conferences.").

The motion for more definite statement is therefore denied.