849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, ex rel, John Eugene SELLNER,
Plaintiff-Appellant,
v.
PRINCE GEORGE'S COUNTY, MARYLAND, a body corporate and
politic; Prince George's County Council; Prince George's
County Police Department; Arthur A. Marshall, State's
Attorney for Prince George's County; Parris N. Glendening,
Prince George's County Executive; Lawrence Joseph Hogan,
former Prince George's County Executive; Winfield M. Kelly,
Jr., former Prince George's County Executive; Prince
George's County Fire Department; John W. Rhoads, former
Chief of Police for Prince George's County, MD; Joseph D.
Vasco, Jr., former Acting Chief of Police for Prince
George's County, MD; John E. McHale, Jr., former Chief of
Police of Prince George's County, MD; William R. Brown,
Jr., Director of Finance for Prince George's County, MD;
Maryland Criminal Justice Coordinating Council, Nathaniel E.
Kossack, Chairman, Defendants- Appellees.
 No. 87-3721.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1988.
Decided: June 9, 1988.
 
 John Eugene Sellner, appellant pro se.
 Thomas P. Smith, Alan E. D'Appolito, for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Sellner appeals the district court's dismissal of his qui tam action, brought pursuant to 31 U.S.C. Secs. 3729 and 3730, in which he alleged that the defendants, various Maryland law enforcement officials and agencies, improperly obtained federal anti-crime funds from the United States Department of Justice between 1974 and 1981. Specifically, he contended that the Prince George's County Police Department lacked authority to operate as a police force during this period and therefore should not have received federal funds. The district court dismissed the action under former Sec. 3730(b)(4) on the basis that the government was aware of Sellner's claims and had declined to pursue them. On appeal Sellner contends that the provision of Sec. 3730(b)(4) relied upon by the district court was no longer in effect at the time of decision and should not have been applied against him. We affirm the judgment of dismissal.
 
 
 2
 Assuming, as Sellner argues, that the 1986 Amendments to the False Claims Act should have been given effect in this action,* we nevertheless find that Sellner's complaint was properly dismissed.
 
 
 3
 To establish a violation of the False Claims Act Sellner must show that the defendants "knowingly" intended to present false or fraudulent claims to the Government for payment. See 31 U.S.C. Sec. 3729(a). A defendant is deemed to act knowingly if he "(1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information"; however, it is not necessary for the plaintiff to prove specific intent to defraud. 31 U.S.C. Sec. 3729. Sellner does not assert that the defendants had any knowledge of the alleged improper receipt of federal funds or that they knew of any of the alleged defects in the law which undermined the legality of the police department. We further note that under Md.Ann.Code art. 23B Sec. 22, the Prince George's County Council has express authority to "establish, operate, and maintain a police force," which it has done.
 
 
 4
 Accordingly, we find Sellner's claim to be without merit, and affirm the district court's dismissal of the action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 See Gravitt v. General Electric, 680 F.Supp. 1162 (S.D.Ohio 1988); United States v. Hill, 676 F.Supp. 1158 (N.D.Fla.1987). But see United States v. Bekhad, 672 F.Supp. 1529 (S.D.Iowa 1987)