Catherine RYAN, Plaintiff-Appellee,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellant.

No. 91–3570.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1992.

Decided Aug. 18, 1992.

David B. Dawson (argued and briefed), Susan E. Morgenstern, Legal Aid Soc., Cleveland, Ohio, for plaintiff-appellee.

Michael C. Messer (argued and briefed), Dept. of Health and Human Services, Office of the General Counsel, Region V, Chicago, Ill., Michael Anne Johnson, Asst. U.S. Atty., Office of the U.S. Atty., Cleveland, Ohio, for defendant-appellant.

Before: MERRITT, Chief Judge; and MARTIN and SILER, Circuit Judges.

PER CURIAM.

The defendant Secretary appeals the decision of the United States Magistrate Judge, sitting for the district court, that § 9106 of the Omnibus Budget Reconciliation Act ("OBRA") of 1987, 42 U.S.C. § 1382(c)(5), should be applied retroactively to any cases then pending for Supplemental Security Income ("SSI") benefits. For the following reasons, we REVERSE.

Persons receiving SSI benefits are automatically ineligible for Aid for Dependent Children ("AFDC") benefits. 42 U.S.C. § 602(a)(24). During the transition from AFDC to SSI benefits, the Secretary reduces SSI benefits by the recipient's incremental share of AFDC benefits until the SSI recipient's share of AFDC benefits ceases. *Jones v. Califano*, 576 F.2d 12, 14 (2d Cir.1978). The old system of Retrospective Monthly Accounting ("RMA"), requires the Secretary to determine an individual's benefit amount each month based

on income received in the first month, or upon the Secretary's election, in the second month prior to the current month of eligibility. 42 U.S.C. § 1382(c). The Secretary elected a two-month retrospective system.

Section 1382(c)(5) provides that benefits paid under the AFDC program may be taken into account in determining the amount of SSI benefits for the month in which the AFDC program benefits are actually received by the SSI recipient. The Secretary ordered that § 1382(c)(5) be applied only if the relevant AFDC benefits were paid on or after April 1, 1988.

The plaintiff, Catherine Ryan, was determined to be eligible for SSI benefits on July 15, 1986, while she was receiving AFDC benefits of $248.00 per month to support herself and her minor child. From August, 1986, through November, 1986, plaintiff received $268.00 per month in SSI, $68.00 less than the then congressionally authorized benefit level of $336.00 per month. On October 1, 1986, the Cuyahoga County Department of Human Services reduced plaintiff's AFDC grant from $248.00 per month to $180.00 per month for the purpose of providing AFDC benefits exclusively to her minor child.

Plaintiff was categorically excluded from AFDC benefits because she received SSI benefits. Her SSI benefits did not increase to their statutory level until December, 1986. Because the Secretary counted as income for purposes of determining the October, 1986, SSI payment the $68.00 in AFDC benefits received by plaintiff in August, 1986, plaintiff was without full SSI and AFDC benefits for two months. The Secretary reduced the October, 1986, and November, 1986, SSI benefits dollar-for-dollar, even though no AFDC benefits were available to plaintiff. Based on the former law, the Administrative Law Judge ("ALJ") denied Ryan the two months of full SSI benefits which she sought. On April 1, 1988, while plaintiff's case was pending before the ALJ, § 1382(c)(5) became effective. The Appeals Council denied plaintiff's claim, whereupon she filed this action in the district court.

The Magistrate Judge held that the law in effect at the time of its decision was to be applied. He further concluded that "an effective date section is nothing more than a direction from Congress to the agency as to the date the amendments were to be implemented," thus concluding that the effective date was irrelevant. The Magistrate Judge held that the amendment was remedial because the benefits accounting method which the statute remedied was merely a procedural change in the law and, therefore, should be applied retroactively, and no manifest injustice would result to either party from the retroactive application of the statute.

Only benefits for October and November, 1986, are at issue in this case. If the amendment is retroactively applied, then plaintiff is entitled to an additional $136.00. However, if the court prospectively applies § 1382(c)(5), plaintiff receives no additional benefits. Thus, the sole issue before this Court is whether § 1382(c)(5) applies retroactively.

*Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208–09, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988), held that retroactivity is not favored in the law. As a result, congressional enactments will not be construed to have such effect unless the language requires such a result. *See United States v. Murphy*, 937 F.2d 1032, 1036, 1038 (6th Cir.1991) (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990): *"Bradley v. Richmond School Bd.*, 416 U.S. 696 [, 94 S.Ct. 2006, 40 L.Ed.2d 476] (1974) is to be read narrowly ... [and] the phrase 'substantive rights and liabilities' is to be construed broadly....''); *see also Bennett v. New Jersey*, 470 U.S. 632, 638, 105 S.Ct. 1555, 1559, 84 L.Ed.2d 572 (1985) (statutory changes affecting substantive rights should not be presumed to apply retroactively).

Pursuant to § 1382(c)(5), Congress directed that the changes were to take effect beginning April 1, 1988. Plaintiff's action was filed before the effective date of the amendment. Congress did not indicate that the amendment was to be applied

retroactively. Plaintiff argues that the amendment was procedural. Reading the phrase "substantive rights and liabilities" broadly, *see Murphy*, 937 F.2d at 1038, we find this argument unpersuasive. Applying the amendment retroactively would increase defendant's liability and, therefore, "create a new liability in connection with a past transaction." *See United States v. Bekhrad*, 672 F.Supp. 1529, 1530 (S.D. Iowa 1987). Accordingly, the amendment affected substantive rights and liabilities.

For the aforementioned reasons, we REVERSE and hold that § 1382(c)(5) shall be given prospective effect only.