James WOOTEN, Plaintiff–Appellant,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 00–6178.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

**420**

Before BOYCE F. MARTIN, Jr., Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

### ORDER

James Wooten appeals a district court judgment that affirmed the Commissioner's denial of his applications for social security disability and supplemental security income benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Wooten had severe "chronic mechanical back pain secondary to morbid obesity; early degenerative arthritis of both knees exacerbated by morbid obesity; a history of deep vein thrombosis in the left lower extremity; a seizure disorder, which is controlled with medication; and dysthymia," which precluded the performance of his past work. However, the ALJ also determined that Wooten's condition was not equivalent to any of the impairments that are listed in Appendix 1 to the regulations, and that he was not disabled because he could still perform a significant number of light jobs. This opinion became the final decision of the Commissioner on March 31, 1999, when the Appeals Council declined further review.

In recommending that the Commissioner's decision be affirmed, a magistrate judge noted that obesity is no longer considered a disabling condition *per se,* as Listing 9.09 was deleted from Appendix 1 in October of 1999. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 9.09 (1998). The magistrate judge found that Wooten's obesity was not disabling because it was not equivalent to any of the impairments that are now described in Appendix 1. The district court adopted the magistrate judge's report and entered a judgment in favor of the Commissioner on May 19, 2000. However, Wooten did not file a timely appeal from that judgment.

The district court determined that the case was appropriate for publication. Thus, it issued a subsequent order on August 10, 2000, which was later published with the magistrate judge's report. *Wooten v. Apfel,* 108 F.Supp.2d 921 (E.D.Tenn. 2000). On August 25, 2000, Wooten filed a notice of appeal that specifically referred to this order.

The Commissioner has filed a motion to dismiss arguing that Wooten did not file a timely appeal from the district court's May 19th decision, which expressly awarded summary judgment to the Commissioner. That decision was signed by the district court judge, and it was stamped and signed by the district court clerk to indicate that it had been "entered as a judgment." Wooten argues that the judgment was not entered on a separate document as prescribed by Fed.R.Civ.P. 58. However, he has not shown that he was misled by this technical error. Thus, we conclude that the district court's May 19th judgment was both final and appealable. *See Whittington v. Milby,* 928 F.2d 188, 192 (6th Cir.1991).

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

Wooten had sixty days from May 19th in which to file a timely appeal. *See* Fed. R.App. P. 4(a)(1)(B). He did not file an appeal within this period, and the notice of appeal that he filed on August 25, 2000, referred only to district court's subsequent order. Thus, it is undisputed that Wooten has not filed a timely appeal directly from the court's initial judgment.

Wooten now argues that he did file a timely appeal from the order that was entered on August 10, 2000. He argues that this order changed the court's judgment, as it holds for the first time that the deletion of Listing 9.09 is retroactively applicable. However, the Commissioner properly asserts that the order did not revive the time for filing an appeal because it was not significantly different from the court's original judgment. *See Federal Trade Comm'n v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 97 L.Ed. 245 (1952).

Wooten properly asserts that the magistrate judge made no ruling on the retroactive application of the revised regulations, but he mistakenly argues that the magistrate judge evaluated his obesity under "the relevant Listing sections which applied both before and after the October 25, 1999 regulatory change." A review of the magistrate judge's report shows that he applied only the revised regulations to Wooten's case. The specific requirements of former Listing 9.09 were neither enumerated nor applied. Indeed, it appears that the magistrate judge found that the revised regulations were prospectively applicable.

Wooten also argues that the district court's order stands in sharp contrast to its initial judgment, as the order "places a clear stamp of approval on retroactive application of the Commissioner's deletion of a Listing." This argument is refuted by an examination of the order which provides in pertinent part as follows:

In making his recommendations in this case, Magistrate Judge Murrian had to determine what if any effect the deletion by the Social Security Administration of the Obesity Listing 9.09 had on Wooten's case. Deletion of this listing was one of the changes brought about by new regulations that became effective on October 25, 1999. *See* 64 FED. REG. 46122 (1999). As one of the first members of the judiciary to face this issue, Magistrate Judge Murrian thoroughly discussed the retroactive effect of these new regulations. Magistrate Judge Murrian's opinion is well-reasoned and complete and no purpose would be served by merely duplicating his opinion. Consequently, the Court DENIES Plaintiff's objections and accepts and adopts the report and recommendation in full.

*Wooten,* 108 F.Supp.2d at 922.

The district court's observation that the magistrate judge had discussed the retroactive application of the new regulations is not equivalent to a finding that he had actually applied those regulations retroactively. Moreover, it is not equivalent to a new holding that retroactive application is appropriate. Hence, the court's order of August 10th did not revise the time for filing an appeal. *See Minneapolis–Honeywell Co.,* 344 U.S. at 211–12, 73 S.Ct. 245; *Whittington,* 928 F.2d at 191–92. "The failure of [an] appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R.App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend." *Rhoden v. Campbell,* 153 F.3d 773, 774 (6th Cir.1998).

Accordingly, this appeal is dismissed for lack of jurisdiction.