**Anthony ELAM, Plaintiff–Appellant,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 02–3682.**

United States Court of Appeals, Sixth Circuit.

March 10, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

*ORDER*

Anthony Elam appeals a district court judgment that affirmed the Commissioner's denial of his application for social security disability benefits and supplemental security income. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Elam alleged that he became disabled in 1990, mainly due to leg and hip injuries that he had sustained in a motorcycle accident. His claim was initially denied, but the case was remanded for further consideration of his need for a sit/stand option.

Upon remand, an Administrative Law Judge ("ALJ") found that Elam had the following severe impairments: "status post left hip replacement; obesity; hypertension; right knee injury; and depression," even though his condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. The ALJ also found that Elam was still able to perform a limited but significant range of sedentary work. Thus, the ALJ relied on the testimony of a vocational expert to find that Elam was not disabled because a significant number of sedentary jobs were still available to him despite his impairments. This opinion became the final decision of the Commissioner on January 22, 2001, when the Appeals Council declined further review.

Elam then filed a timely complaint in federal court. The district court entered a judgment in favor of the Commissioner and dismissed the case on March 29, 2002.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

Elam now argues that his condition was equal to the impairment that was formerly described at 20 C.F.R. Part 404, Subpart P, Appendix 1 § 9.09. To succeed on this argument he must point to medical signs and laboratory findings that are at least equal to a listed impairment in duration and severity. *See Land v. Secretary of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir.1986). Elam's argument is unpersuasive because § 9.09 has been deleted from the listing of impairments. Nevertheless, we note that substantial evidence supports the ALJ's finding that he was not disabled under that listing, as he is at least seventy-two inches tall and has not shown that he weighed at least 336 pounds for a continuous period of at least one year. *See* 20 C.F.R. pt. 404, subpt. P. app. 1 § 9.09 & Table I (1997); *McCoy ex rel McCoy v. Chater*, 81 F.3d 44, 46 (6th Cir.1995).

Elam also argues that he suffers from debilitating depression that satisfies the requirements of the impairment that is listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.04. To meet this listing, he must show medically documented persistence of a depressive syndrome that is characterized by at least four of nine specifically listed symptoms. In addition, he must show a functional limitation in at least two of the following areas: 1) daily activities; 2) social activities; 3) concentration, persistence and pace; and 4) decompensation in a work-like environment. Elam's argument is unavailing because he has not pointed to any evidence in the medical record which clearly indicates that his condition satisfied these requirements. *See Buress v. Secretary of Health & Hu-*

*man Servs.*, 835 F.2d 139, 142 (6th Cir. 1987).

Substantial evidence supports the ALJ's finding that Elam could still perform the exertional demands of a limited range of sedentary work. *See* 20 C.F.R. § 404.1567(a). In particular, the ALJ's findings are supported by separate reports from Drs. Reecer, Allinder, and Sanghafi, all of which are generally consistent with an ability to perform light work. Thus, the ALJ's finding that Elam could perform the less difficult requirements of sedentary work was supported by substantial evidence. The ALJ's finding is likewise supported by the testimony of a medical examiner, Dr. Lee, who indicated that Elam could still perform a limited range of sedentary work.

■ Elam now argues that the ALJ erred by finding that his allegations of disabling pain were not fully credible. However, an "ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. The ALJ properly considered the hearing testimony in light of the medical record before finding that Elam was not fully credible. He also noted that Elam's testimony was inconsistent with his activities and that Elam had not seen a physician regularly for his alleged pain. Hence, there was substantial evidence to support the ALJ's credibility finding. *See id.* at 531–32; *Bogle*, 998 F.2d at 348.

Since Elam could not perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to him. *See Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.1999). Thus, the ALJ based his finding that Elam was not disabled on the

vocational expert's response to the following hypothetical question:

Q. If we assume a hypothetical that we're dealing with a 40 year old individual who had completed the 9th grade and had Mr. Elam's past work history and if we assume further that the person is limited to lifting 10 pounds on an occasional basis, less weight frequently, and if (INAUDIBLE) we assume that they are capable of sitting for 6 hours in an 8 hour workday, standing and walking for no more than a total of 2 hours. Limited to simple repetitive tasks. No unprotected heights and no work around moving or hazardous machinery or operation of foot controls, and if the person would require a true sit/stand option where they were able to sit or stand completely at will, ... would there be jobs in the region or national economy that such a person could perform?

Elam argues that the ALJ did not adequately describe his vocational and educational background. However, most of his arguments are focused on the vocational testimony in a prior administrative hearing, and not on the testimony that the ALJ relied upon in the case at hand. Moreover, the vocational expert had familiarized himself with Elam's background, and the assumptions in the ALJ's hypothetical question were adequately supported by the medical record. *See Davis v. Secretary of Health and Human Servs.*, 915 F.2d 186, 189 (6th Cir.1990).

In response, the vocational expert identified at least 32,000 unskilled sedentary jobs with a sit/stand option that Elam could perform in the state where he lived, and more than 725,000 such jobs in the national economy. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to Elam, even if he could not perform his past work. *See Harmon*, 168

F.3d at 291–92. Therefore, the record contains substantial evidence to support the Commissioner's ultimate determination that Elam was not disabled.

Accordingly, the district court's judgment is affirmed.