# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2612

_____

| | | |
|---|---|---|
| Cheryl L. Mearing, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jo Anne B. Barnhart, Commissioner | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 6, 2004

Filed: February 12, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Cheryl L. Mearing appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. Having carefully reviewed the record, see Wheeler v. Apfel, 224 F.3d 891, 894 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In her June 1999 applications and related documents, Ms. Mearing alleged disability since May 1999 from learning disabilities, depression, headaches, and menstrual problems. Ms. Mearing revised her onset date to June 2000 at the May 2001 hearing, where a vocational expert (VE) testified in response to a hypothetical the administrative law judge (ALJ) posed. After the ALJ considered the findings of a posthearing consultative examination of Ms. Mearing by a psychiatrist, the ALJ determined that Ms. Mearing's dysthmic and anxiety disorders, and her borderline intellectual functioning, were severe impairments but not of listing-level severity, either alone or combined; and that she could perform her past relevant work (PRW).

Ms. Mearing contends the ALJ erred by not considering her obesity. We disagree. The obesity listing was deleted in 1999, and in any event, Ms. Mearing would not have met its requirements, see 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 9.09, Table II (1998); currently, obesity is relevant primarily in the musculoskeletal, cardiovascular, respiratory, and mental disorders listings, see Social Security Ruling (SSR) 02-01p, 2000 WL 628049, at *1 (SSA, Sept. 12, 2002), and Ms. Mearing never sought care for respiratory, cardiovascular, or musculoskeletal problems, and her depression was reportedly well controlled by medication; and most important, she did not claim obesity as a basis for disability before the ALJ or the Appeals Council, nor did she testify about or report weight-related work limitations, cf. Mitchell v. Shalala, 48 F.3d 1039, 1041 (8th Cir. 1995) (in declining to consider new evidence of claimant's reading problems, it was significant that claimant did not raise illiteracy as disabling factor in application for benefits or at hearing).

As to Ms. Mearing's headaches, the ALJ did not err in finding them not severe. Ms. Mearing testified that they occurred primarily during her menses and that her physician had recommended only over-the-counter medications to treat them. See Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication is inconsistent with disabling pain). There is, in fact, no medical evidence indicating

she sought treatment for them, <u>see</u> <u>Shannon v. Chater</u>, 54 F.3d 484, 486 (8th Cir. 1995) (failure to seek treatment may be inconsistent with disability), or was denied treatment for lack of funds, <u>cf.</u> <u>Riggins v. Apfel</u>, 177 F.3d 689, 693 (8th Cir. 1999) (alleged pain and disability are inconsistent with failure to seek low-cost or no-cost medical treatment).

We also reject Ms. Mearing's assertion that the ALJ erred in failing sufficiently to explain his determination that she and her mother were not credible. The ALJ gave multiple valid reasons for finding Ms. Mearing's alleged limitations not entirely credible, <u>see</u> <u>Hogan v. Apfel</u>, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ is appropriate when he explicitly discredits claimant and gives good reasons for doing so), and although he did not specifically address the credibility of Ms. Mearing's mother, the reasons the ALJ gave for discrediting Ms. Mearing would have served as bases for discrediting her mother, <u>see</u> <u>Young v. Apfel</u>, 221 F.3d 1065, 1068 (8th Cir. 2000) (ALJ's failure to give specific reasons for disregarding testimony of claimant's husband was inconsequential, as same reasons ALJ gave to discredit claimant could serve as basis for discrediting husband).

Ms. Mearing challenges the ALJ's determination that she could do her PRW, in part, because the record showed that she held a number of short-term jobs. However, the record also showed that some of the reasons she gave for leaving those jobs were unrelated to her allegedly disabling conditions; and as the ALJ noted, she held some jobs for a significant period of time despite her borderline intelligence and periods of depression. <u>See</u> <u>Naber v. Shalala</u>, 22 F.3d 186, 189 (8th Cir. 1994) (condition that is not disabling during years of work and has not worsened cannot serve as basis for proving present disability).

Ms. Mearing's remaining arguments provide no basis for reversal. Accordingly, we affirm.

_____