RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0114p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BARBARA COMBS,

　　　　　　*Plaintiff-Appellant,*

　　　*v.*

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　*Defendant-Appellee.*

No. 04-5275

>

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 03-00240—Jennifer B. Coffman, District Judge.

Argued: February 2, 2005

Decided and Filed: March 9, 2005

Before: COLE and CLAY, Circuit Judges; HOOD, District Judge.[*]

---

## COUNSEL

**ARGUED:** Timothy N. Despotes, Richmond, Kentucky, for Appellant. Jason P. Peck, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee. **ON BRIEF:** Timothy N. Despotes, Richmond, Kentucky, for Appellant. Joseph P. Palermo, III, Dennis R. Williams, Mary Ann Sloan, Douglas Wilson, Reginald Speegle, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

---

## OPINION

---

CLAY, Circuit Judge. Plaintiff Barbara Combs ("Combs") appeals from the January 7, 2004 judgment of the United States District Court for the Eastern District of Kentucky, granting summary judgment to Defendant Commissioner of Social Security ("the Commissioner"), and affirming Defendant's determination that Plaintiff is not entitled to disability insurance benefits. Because we hold that the Commissioner improperly evaluated Combs' claim under a new agency regulation promulgated while Combs' claim was pending, we **REVERSE** the district court's judgment, **VACATE** the Commissioner's decision and **REMAND** Combs' claim for further evaluation consistent with this opinion.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

## BACKGROUND

### A. Procedural History

Combs first applied for disability insurance benefits on November 4, 1996. After an initial administrative denial, Combs requested a hearing before an Administrative Law Judge ("ALJ") in August 1997. That request was denied in January 1998; however, upon review, the agency's appeals council determined that the denial of Combs' request for a hearing was improper. Combs had her first hearing before an ALJ in February 1999, at which time her claim was denied due to the ALJ's finding that Combs was not disabled under Social Security Administration ("SSA") regulations.

Combs appealed the ALJ's decision, and in March 2000 the appeals council vacated the decision and remanded Combs' claim for a second hearing. A second hearing was held in September 2000, with a supplemental hearing held in August 2001. The ALJ issued his second decision on September 21, 2001, again denying Combs' claim on the basis that she was not disabled. Once again, Combs appealed, and once again, the appeals council vacated the ALJ's decision and re-remanded for a third hearing. A third hearing was held in January 2003 before a different ALJ. In an opinion dated February 21, 2003, the ALJ agreed with his predecessor's decisions, finding that Combs was not entitled to disability benefits.

Combs appealed the ALJ's February 2003 decision to the appeals council, which declined to reverse. The decision then became the Commissioner's final decision in Combs' case. Combs sought review in district court, which affirmed the Commissioner's decision on January 7, 2004, and Combs timely appealed to this Court.

### B. Substantive Facts

Combs was born on July 25, 1953. From approximately 1980 to 1994 Combs worked as a seamstress, and from 1994 to 1996 as a daycare worker. Combs claims that she became disabled on May 30, 1996. It is undisputed that she has not performed any substantial work since that date. This case concerns her entitlement to benefits from her disability onset date through her last insured date, which is December 31, 2000.

The SSA employs a five-step sequential analysis to determine whether a benefits claimant is disabled:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and § 404.1560(b).)

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c).)

20 C.F.R. § 404.1520 (a)(4); *see Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At each of Combs' hearings, the ALJs determined that she meets the requirements at step one. At step two, the first and second ALJ decisions found that Combs suffers from several medically severe impairments, including morbid obesity, fibromyalgia, right carpal tunnel syndrome, hypothyroidism controlled with medication, and depression. The final ALJ decision found a slightly different set of medically severe impairments, including morbid obesity, degenerative disc disease of the lumbosacral spine, degenerative arthritis bilateral knees, and depression.

At step three of the sequential analysis, both ALJs found that none of Combs' impairments, or a combination of her impairments, meet or equal an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. At steps four and five, both ALJs agreed that Combs' could not return to her past jobs as a seamstress or a daycare worker, but given her residual functional capacity (RFC), age, education and work experience, she could perform light work and sedentary work.

The appeals council found that both the first and second ALJ decisions failed to properly consider the nature and severity of Combs' impairments, or to properly assess her RFC. Additionally, the appeals council found that the second decision assessed Combs' credibility in a manner inconsistent with SSA regulations. However, the appeals council was apparently satisfied that these concerns were remedied in the third opinion, as it found that there was no basis in SSA regulations for granting review.

Before the district court, Combs made three arguments as to why the Commissioner erred in finding that she was not disabled. First, Combs argued that her claim should have been reviewed under the listing for obesity, which was in effect at the time she filed her application in 1996. The obesity listing was deleted by the SSA on October 25, 1999, and Combs argued that it was improper to retroactively apply the new regulations to her claim. Second, Combs claimed that the Commissioner erred in adopting and incorporating by reference the recitation of medical evidence contained in the earlier, vacated second ALJ decision. Finally, Combs argued that the Commissioner's assessments of her credibility and RFC were not supported by substantial evidence. The district court rejected all three of Combs' arguments. On appeal, Combs disputes district court's findings on each of these three issues.

## DISCUSSION

### A.    Retroactive Application of New Obesity Regulations

This case requires us to decide whether or not the deletion of the SSA's regulation listing obesity as a disabling impairment may be applied retroactively to claims that were pending when new obesity regulations went into effect. It is undisputed that when Combs filed her claim in 1996, SSA regulations listed obesity as a disability. *See* 20 C.F.R. Part 404, Subpart P, Appx. 1, § 9.09 (1996).[1] Thus, a person

---

[1]Former listing 9.09 provided:

**9.09 Obesity.** Weight equal to or greater than the values specified in Table I for males, Table II for females (100 percent above desired level), and one of the following:

A) History of pain and limitation of motion in any weight-bearing joint or the lumbrosacaral spine . . . associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbrosacral spine; or

B) Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff; or

C) History of congestive heart failure manifested by past evidence of vascular congestion such as heptomegaly,

meeting the criteria of the obesity listing would have been found disabled at step three of the sequential analysis. 20 C.F.R. 404.1520 (a)(4)(iii). However, the SSA deleted the obesity listing on October 25, 1999, *see Revised Medical Criteria for Determination of Disability, Endocrine System and Related Criteria*, 64 Fed. Reg. 46,122 (1999), and subsequently issued two rulings indicating its intent to apply the new obesity regulations to all pending cases, *see Social Security Ruling, SSR 02-01 p; Titles II and XVI: Evaluation of Obesity*, 67 Fed. Reg. 57,859 (2002), and *Social Security Ruling, SSR 00-03 p; Titles II and XVI: Evaluation of Obesity*, 65 Fed. Reg. 31,039, 31,042 (2000) (superseded by SSR 02-01 p).

Combs argues that retroactivity is disfavored, *see Ryan v. Sullivan*, 972 F.2d 721, 722 (6th Cir. 1992), and therefore it was improper for the Commissioner to evaluate her claim under the new regulations. In rebuttal, the Commissioner notes that at least two prior unpublished decisions of this Court take notice of the SSA's new regulations regarding obesity, without calling into question the propriety of retroactive application of the new regulations. *See Wooten v. Comm'r of Soc. Sec. Admin.*, 23 Fed. Appx. 419, 421 (6th Cir. 2001); *Long v. Apfel*, 1 Fed. Appx. 326, 333 (6th Cir. 2001); *accord Elam v. Comm'r of Soc. Sec.*, 60 Fed. Appx. 555, 556 (6th Cir. 2003). The district court accepted the Commissioner's argument that its retroactive application of the new obesity regulations is permissible, deferring to Social Security Ruling 02-01 p.

At the outset, we note our disagreement with the district court's deferential review of the Commissioner's position. "The question of whether to grant retroactive force to a newly promulgated agency rule is a question of law for the courts, with no overriding obligation of deference to the agency decision." *Mason Gen. Hosp. v. Sec'y of Health & Human Servs.*, 809 F.2d 1220, 1224 (6th Cir. 1987). Administrative agencies generally have "no particular expertise concerning the issue of retroactivity. To the contrary, the extent to which retroactive effect may be given a promulgation is governed by principles of law that have been developed and refined by the courts." *Daughters of Miriam Center for the Aged v. Mathews*, 590 F.2d 1250, 1259 (3d Cir. 1978) (quoted in *Mason Gen. Hosp.*, 809 F.2d at 1224); *cf. Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 213, 109 S. Ct. 468, 102 L. Ed. 2d 493 (1989) ("Deference to what appears to be nothing more than an agency's convenient litigating position would be entirely inappropriate."). As a pure question of law, we review both the agency's rule and the district court's interpretation of the rule *de novo*. *See, e.g., Shanklin v. Norfolk S. Ry. Co.*, 369 F.3d 978, 985 (6th Cir. 2004); *United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003).

Combs is correct that "[r]etroactivity is not favored by the law." *Bowen*, 488 U.S. at 208, 109 S. Ct. 468. A regulation is deemed to have retroactive effect when it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994). Where an administrative agency purports to promulgate a rule with retroactive effect, the reviewing court must determine whether such "power is conveyed by Congress in express terms." *Bowen*, 488 U.S. at 208, 109 S. Ct. 468. We have previously noted that "[a]gency rules typically will not apply retroactively in the absence of an express statutory authorization of retroactive rulemaking." *Orr v. Hawk*, 156 F.3d 651, 653 (6th Cir. 1998); *see also Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999) ("[A] rule changing the law is retroactively applied to events prior to its promulgation only if, at the very least, Congress expressly authorized retroactive rulemaking and the agency clearly intended that the rule have retroactive effect.").

---

peripheral or pulmonary edema; or
D) Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing and persistent edema; or
E) Respiratory disease with total forced vital capacity equal to or less than 2.0 L. or a level of hypoxemia at rest equal to or less than the values specified in Table III-A or III-B or III-C.

Social Security Ruling 02-01 p plainly demonstrates that the SSA intends to retroactively apply the deletion of the obesity listing. However, there is no indication, either in the Social Security Act or elsewhere, that Congress has expressly conveyed retroactive rulemaking authority to the agency. Section 405(a) of the Social Security Act confers a broad, general grant of rulemaking authority on the Commissioner, without mentioning retroactive rulemaking:

> The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

42 U.S.C. § 405(a). Although Defendant has 'full power and authority to make rules and regulations,' the Supreme Court in *Bowen* specifically cited to § 405(a) as a provision that "contain[s] no express authorization of retroactive rulemaking." *Bowen*, 488 U.S. at 213 n.3, 109 S. Ct. 468; *see also Reynolds v. Barnhart*, No. Civ.A. 03-CV-2397, 2004 WL 2102008 at *4 (E.D. Pa. Aug. 26, 2004) ("The statutory grant of authority to the Commissioner of Social Security, while broad, does not give the Social Security Administration the express power to engage in retroactive rule-making."); *Gecevic v. Sec'y of Health & Human Servs.*, 882 F. Supp. 278, 284 (E.D.N.Y. 1995) ("The Secretary does not appear to have . . . express power [to retroactively apply new SSA regulations].").[2] Following *Bowen* and its progeny, we must conclude that nothing in the Social Security Act grants the Commissioner the authority to engage in retroactive rulemaking.

Furthermore, the Commissioner's deletion of obesity listing 9.09 was performed pursuant to the notice and comment procedures established by the Administrative Procedure Act ("APA"). *See* 42 U.S.C. § 905(a)(5) ("The regulations prescribed by the Commissioner shall be subject to the rulemaking procedures established under section 553 of Title 5."). Section 551 of the APA defines a "rule" as "the whole or part of an agency statement of general or particular applicability and *future effect* . . ." 5 U.S.C. § 551(4) (emphasis added). Prior to *Bowen*, this Court noted that "an agency attempting to promulgate a rule pursuant to APA procedures bears a heavy burden in justifying retroactivity in view of the Act's goal of assuring that new rules be of prospective application only." *Mason Gen. Hosp.*, 809 F.2d at 1225; *see also N.L.R.B. v. Long Island Coll. Hosp.*, 20 F.3d 76, 81 (2d Cir. 1994) (discussing the APA and retroactivity after *Bowen*). After *Bowen*, the Commissioner must establish that Congress has conveyed express retroactive rulemaking authority, and it is clear to us that she cannot meet that burden.

As the Commissioner has pointed out, we have taken notice of the new obesity regulations in several unpublished decisions; however, we have never expressly sanctioned retroactive application of the new regulations. *See, e.g., Elam*, 60 Fed. Appx. at 556; *Wooten*, 23 Fed. Appx. at 421; *Long*, 1 Fed. Appx. at 333; *see also Mearing v. Barnhart*, 88 Fed. Appx. 148, 149 (8th Cir. 2004); *Celaya v. Halter*, 332 F.3d 1177, 1181 n.1 (9th Cir. 2003). Moreover, in *Wooten*, we specifically noted that the district court decision below merely discussed the new obesity regulations without applying them, which "is not equivalent to a new holding that retroactive application is appropriate." *Wooten*, 23 Fed. Appx. at 421. The only circuit court to assume that the new regulations may be applied retroactively is the Seventh Circuit, which did so without analysis, in an unpublished opinion. *Barthelemy v. Barnhart*, 107 Fed. Appx. 689, 693 (7th Cir. 2004) ("The new regulations apply retroactively to all disability claims filed before the effective date."). By contrast, several district courts have more thoroughly analyzed the new obesity regulations in the context of retroactivity law, and have convincingly concluded both that Social Security Ruling 02-01 p works a retroactive effect, and that the Commissioner does not have the authority to promulgate retroactive rules.

---

[2] In this case, the Commissioner has failed to point to any authority for her claim that the SSA has the authority to engage in retroactive rulemaking.

*See Cherry v. Barnhart*, 327 F. Supp. 2d 1347 (N.D. Okla. 2004); *Portlock v. Barnhart*, 208 F. Supp. 2d 451 (D. Del. 2002); *Kokal v. Massanari*, 163 F. Supp. 2d 1122 (N.D. Cal. 2001); *see also Ingram v. Barnhart*, 303 F.3d 890, 894-95 (8th Cir. 2002) (concluding that the deletion of listing 9.09 should not apply retroactively in specific plaintiff's case, leaving open question of the Commissioner's authority to engage in retroactive rulemaking); *Campbell v. Barnhart*, 178 F. Supp. 2d 123, 133 (D. Conn. 2001) (noting possible disfavor with Commissioner's position on retroactivity of new obesity regulation, but failing to resolve issue because remand necessary on other grounds).

When faced with the claim that a regulation has a retroactive effect, we "must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf*, 511 U.S. at 269-70, 114 S. Ct. 1483. In this case, the application of the new obesity rules to someone like Combs has a retroactive effect and substantively alters her rights, "because the revised regulation would raise the bar on proof of disability based on obesity." *Kokal*, 163 F. Supp. 2d at 1131; *accord Portlock*, 208 F. Supp. 2d at 461 (finding that if new obesity regulations were applied retroactively to pending claims, "the rights of [plaintiff] and those similarly situated to her would be substantially altered" due to the more onerous burden of proof). Whereas a finding when Combs filed her claim that listing 9.09 applied would have automatically entitled her to a presumption of disability, application the new regulations now requires her to "show the extent to which her obesity affects each step of the sequential evaluation process." *Kokal*, 163 F. Supp. 2d at 1131. Thus, the deletion of listing 9.09 "clearly alters the standard for evaluating disability claims." *Cherry*, 327 F. Supp. 2d at 1359. Combs filed her disability insurance benefits claim in November 1996, nearly three years before the deletion of listing 9.09. Prior to October 25, 1999, the Commissioner concedes that Combs was first erroneously denied a hearing, and then given a hearing by an ALJ whose decision was subsequently vacated by the appeals council. Had Combs' case been properly handled and evaluated between November 1996 and October 1999, it is very possible that she would have obtained benefits.[3] Holding her to a higher burden of proof now clearly works a retroactive effect, as it "impair[s] rights [Combs] possessed when [s]he acted . . . and impose[s] new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280, 114 S. Ct. 1483.

Given the complete lack of express congressional intent to provide the Commissioner with the power to engage in retroactive rulemaking, as well as the retroactive effect of Social Security Ruling 02-01 p, we conclude that individuals like Combs, who submitted their applications for disability benefits prior to October 25, 1999, must be given the benefit of the obesity rules in effect at the time their claims were filed.[4]

### B.     The Commissioner's Decision Below

Because we conclude that Combs' claim should have been evaluated under listing 9.09, and therefore must be remanded, it is unnecessary for us to evaluate whether the Commissioner's decision rendered under the new obesity regulations is supported by substantial evidence.

---

[3] Whether Combs qualifies for benefits under deleted listing 9.09 is an inquiry for the agency on remand; however, we note that we are compelled to remand the case in part because the undisputed evidence in the record demonstrates at least the possibility that Combs may be disabled under the old obesity rules. Combs is somewhere between 68 and 70 inches tall, and weighs in excess of 350 pounds, clearly meeting the weight requirements of listing 9.09. *See* 20 C.F.R. Pt. 404, Subpt. P., Appx. 1, § 9.09, Table II (1997). Additionally, the Commissioner found below that Combs suffers from degenerative spinal and knee problems, and other evidence in the record indicates that she suffers from fibromyalgia and carpal tunnel syndrome, any of which may meet the additional requirements set forth in subsection A of listing 9.09. *See* note 1, *supra*.

[4] We note that our decision today does not call into question the Commissioner's authority to delete listing 9.09, or to apply the new regulations to claims filed *after* October 25, 1999. Under 42 U.S.C. § 405(a), the Commissioner clearly has the power to promulgate new rules of prospective effect.

**CONCLUSION**

For the reasons set forth above, we **REVERSE** the district court's judgment, **VACATE** the Commissioner's decision and **REMAND** Plaintiff's disability claim for further evaluation consistent with this opinion.